EDINGER <i>v.</i> HENCHLER <i>et al.</i>

Where in an action of trespass, for taking certain goods, wares and merchandise, the defendants answered, denying the trespass, and the plaintiff offered evidence to show, that the goods were taken by the sheriff, under an attachment issued in a suit wherein B. B. were plaintiffs,

and M. B. were defendants, which writ, with the return of the officer thereon, was also offered in evidence; and that the defendants executed to the sheriff a bond of indemnity to induce him to attach the goods; and where the defendants then offered in evidence, the original papers in the suit of B. B. v. M. B., including the notice, petition, affidavit for attachment, and notes and accounts sued on, in which suit a judgment by default had been claimed, to which the plaintiff objected, but the objection was overruled, and the evidence admitted; and where the plaintiff asked the court, to instruct the jury as follows: "That the notes, accounts, and papers, in the suit of B. B. v. M. B., not being proved are not evidence in this suit, of any indebtedness between the parties thereto;" which instruction the court refused to give; *Held*, 1. That the papers offered in evidence by the defendants, were *prima facie* evidence of an indebtedness existing from M. B. to B. B., and so far as that fact was relevant, were proper to be given in evidence; 2. That the instruction asked was irrelevant, and properly refused.

*Appeal from the Des Moines District Court.*

SATURDAY, JUNE 11.

THIS was an action of trespass *vi et armis*, for entering the storehouse of plaintiff, taking and keeping possession of the same, and turning plaintiff out of doors, and for forcibly taking and carrying away from the possession of plaintiff, the goods, wares, and merchandise situate in said storehouse, of the property of plaintiff, of great value, and to his damage, six thousand dollars. The answer was a simple denial of the allegations of the petition.

On the trial, the plaintiff proved by the sheriff of the county, that by virtue of a writ of attachment issued from the district court of Des Moines county, in a suit therein pending, wherein Bernheimer Brothers were plaintiffs, and Mandall Brothers were defendants, and which writ was produced and proved, and with the sheriff's return thereon, was given in evidence in the cause, he seized the goods in in the petition mentioned, and that this was the taking and carrying away complained of. The plaintiff gave in evidence, also, a bond of indemnity made by defendants to the sheriff, binding the said defendants to indemnify, and save harmless the said sheriff, against any loss he might sustain,

by reason of his levying said writ on the goods in the petition mentioned. He further proved by the sheriff, that the bond was given to induce him, as such sheriff, to levy. said writ of attachment on the goods aforesaid, and that he did accordingly seize the goods in the possession of plaintiff, and remove the same.

The plaintiff having rested his case, the defendants offered in evidence all the other papers in the original suit of *Bernheimer Brothers* v. *Mandall Brothers*, including the notice, petition, affidavit for attachment, and notes and accounts sued on ; to the introduction of which in evidence, the plaintiff objected, that there was no evidence of the genuineness of said notes and accounts, and that there was no other evidence of any indebtedness from Mandall Brothers to said Bernheimer Brothers. The objection was overruled, and the papers aforesaid allowed to be given in evidence to the jury. A judgment by default had been claimed by the plaintiff, in the suit of *Bernheimer Brothers* v. *Mandall Brothers*, before the papers in said suit were offered in evidence.

The plaintiff asked the court to instruct the jury, that " the notes, accounts, and papers in the suit of *Bernheimer Brothers* v. *Mandall Brothers*, not being proved, are not evidence in this suit, of an indebtedness between the parties thereto." The instruction was refused, and there was verdict and judgment for the defendants, from which the plaintiff appeals.

*D. Rorer*, and *Crocker & Smyth*, for the appellant.

*Browning & Tracy*, for the appellees.

STOCKTON, J.—The papers offered by defendants, were *prima facie* evidence of an indebtedness existing from Mandall Brothers to Bernheimer Brothers, and so far as that fact was relevant, were proper to be given in evidence. The only objection to them was, that they did not prove an indebtedness. The objection was not that they tended to

prove a justification for defendants in a suit where they had not pleaded property in themselves, or in another.

The instruction asked, it seems to us, was irrelevant. As between the plaintiff and the defendants, in this suit, it was wholly immaterial, whether Mandall Brothers were or were not indebted to Bernheimer Brothers, in the suit instituted by the latter against the former. The defendants did not seek to justify the taking of the goods on any such ground. The question at issue related to the property in the goods by plaintiff, and the taking thereof by the defendants. Any evidence, therefore, not confined to these issues, was immaterial and irrelevant. If irrelevant evidence had been admitted, which tended to prejudice the plaintiff's cause, the judgment should be reversed; otherwise, not. As at present advised, we do not see how the testimony, even if admitted to be improper, could have operated to defendants' prejudice. The record does not show for what purpose it was offered, and as no material error is shown, the judgment will be affirmed.

Judgment affirmed.